1999 OK CR 26

Claudie CONOVER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F 98–0267.

Court of Criminal Appeals of Oklahoma.

June 9, 1999.

*ORDER DISMISSING APPEAL AND RE-MANDING MATTER TO DISTRICT COURT FOR RESENTENCING FOR LACK OF AN ADEQUATE RECORD ON APPEAL AND DIRECTING COURT CLERK TO TRANSMIT COPY OF ORDER TO STATE BOARD OF EXAMINERS OF OFFICIAL SHORTHAND REPORTERS AS WELL AS TO THE PRESIDING ADMINISTRATIVE JUDGES FOR OTTAWA AND NOWATA COUNTIES AND TO THE HONORABLE ROBERT HANEY, DISTRICT JUDGE, OTTAWA COUNTY, AND THE HONORABLE JAMES L. SONTAG, ASSOCIATE DISTRICT JUDGE, NOWATA COUNTY*

¶ 1 Appellant was convicted of first degree murder and sentenced to death in the District Court of Ottawa County, Case No. CF–94–302. This Court affirmed the conviction but remanded for a new sentencing proceeding. See *Conover v. State,* 1997 OK CR 6, 933 P.2d 904. At resentencing, the jury assessed punishment at death and Judgment and Sentence were formally imposed on March 6, 1998. The appeal record was due to be filed in this Court on or before September 2, 1998.

¶ 2 A Notice of Completion of Record was filed on November 12, 1998. The Clerk of this Court issued the Notice to Transmit on November 12, 1998. On November 25, 1998, Appellant, by and through counsel, filed a Notice Of Objection To Completion Of Record On Appeal And Motion To Be Furnished With All Exhibits, Including Color Duplicates Of Photographic Exhibits. Appellant stated that numerous exhibits were not included in Appellant's copy of the record, the index is incorrect, there are page omissions and duplications in the transcripts, and the photographic exhibits were not duplicated in accordance with the Rules of this Court.

¶ 3 On November 24, 1998, the Court Reporter, D.J. Thompson, filed a Motion to Check Out Material, specifically "[a]ll color photographs marked as exhibits". The motion was granted on November 25, 1998, for the release of the exhibits until December 14, 1998. On January 4, 1999, without explana-

tion and out of time, the Clerk of this Court received the following:

1. One envelope marked "Original Color Photographs Entered as Trial Exhibits".
2. One envelope marked "Copy" and "Trial Transcript Color Photograph Exhibits" and with an attached note "Capital Appeal".
3. One envelope marked "Copy" and "Trial Transcript Color Photograph Exhibits" and with an attached note "PC".
4. One envelope marked "Copy" and also marked "Original" and "Trial Transcript Color Photograph Exhibits".

The following transcripts were also received by the Clerk, without explanation:

1. Two transcripts, both marked "Copy" and "Key Word Index Trial Transcripts Volumes 1 through 8".
2. One transcript marked "Copy" and "Trial Exhibits", "January 28 through February 9 and March 6, 1998" and with an attached note "Post Conviction".
3. One transcript marked "Original" and "Trial Exhibits", "January 27th through February 9, 1998".
4. Four transcripts of "Index Voir Dire, Trial and Sentencing", "January 24 through February 9 and March 6, 1998"—One marked "Original", two marked "Copy", one marked "Copy" with an attached note "AG's Office".
5. Five volumes transcripts, marked "Copy" with an attached note "1 set Voir Dire Post Conviction"—Vol. I, Vol. II–A, Vol. II–B, Vol. III–A, and Vol. III–B.
6. Two sets of eight volumes of transcripts, both marked "Copy", Vols. 1 through 7 "Transcript of Trial" "January 30th through February 9, 1998" and Vol. 8 "Transcript of Sentencing" "March 6, 1998", with an attached note "1 Set OIDS Capital Appeal Set OIDS PC".

¶ 4 Completing a cursory comparison of the envelope of Exhibits marked "Original" to the envelope of Exhibits with the attached note "Capital Appeal", we found the following discrepancies:

1. From the "Capital Appeal" envelope, a copy of Exhibit 1 is missing.

2. From the "Capital Appeal" envelope, a copy of Exhibit "08" is missing.
3. The original of Exhibit 36 appears to be in the "Capital Appeal" envelope with a copy of the exhibit in the "Original" envelope.
4. Exhibit 50 in the "Original" envelope is marked "52" in the "Capital Appeal" envelope.
5. Exhibit 56/37 in the "Original" envelope is marked "56 and 1" in the "Capital Appeal" envelope.
6. Exhibit 57a/57/34 in the "Original" envelope is marked "57 a and b" in the "Capital Appeal" envelope.
7. Exhibit 64 in the "Original" envelope is marked "63" in the "Capital Appeal" envelope and the copy is not a complete picture of the original.

¶ 5 We also noted that the page numbering problems in the trial transcripts which counsel raised in the Notice of Objection appeared to have been corrected in the copies received by our Clerk on January 4, 1999, but had not been corrected in the originals. Therefore, citation to the record would be a problem.

¶ 6 In an Order issued February 8, 1999, this Court attempted to resolve the record problems by directing the Court Reporter, D.J. Thompson, to meet with counsel for Appellant and counsel for the State, review the appeal record and resolve the record problems within three weeks from February 8, 1999. This was not done.

¶ 7 The Court Reporter failed to contact this Court until the end of the third week. A meeting time was scheduled for Thursday, February 25, 1999, at 3:00 p.m., in this Court. The Court Reporter was forty minutes late to the scheduled meeting. The meeting was continued to Monday, March 1, 1999, at 9:00 a.m. The Court Reporter failed to attend and made no effort to reschedule. Numerous problems with the appeal record were identified and were not reconciled.

¶ 8 In an Order issued March 12, 1999, as the court reporter failed to cooperate with the resolution of the problems identified in the appeal record, we remanded the matter to the Honorable Robert Haney, District

Judge, District Court of Ottawa County. Judge Haney was directed to hold an evidentiary hearing with the Court Reporter, D.J. Thompson, and the attorneys of record, for findings of fact and resolution of the problems with the appeal record. The trial court was directed to advise this Court a date when the appeal record, including exhibits, would be completed properly and transmitted to this Court. The order by Judge Haney with Findings of Fact was filed in this Court April 29, 1999.

¶ 9 Judge Haney held two hearings on this matter, one on April 2, 1999, and the second on April 23, 1999. Present at the April 2, 1999, hearing were Fred DeMier, the current First Assistant District Attorney for Ottawa County, Lee Ann Peters and Kevin Pate of O.I.D.S., Wayne Woodyard, defense attorney at time of trial, Ben Loring, former District Attorney for Ottawa County, Special Judge Bill Culver, former Assistant District Attorney for Ottawa County, and D.J. Thompson, Court Reporter at the time of trial and "who was under subpoena, requiring her to bring all recordings of any kind ... to said trial."

¶ 10 At the April 2, 1999, hearing, Ms. Thompson was ordered to turn over all recordings of any kind to the District Court's reporter, Brenda McCarty, who was directed to review all recordings and produce a transcript which correctly reflected the trial.

¶ 11 Judge Haney made the following findings of fact:

> ... The court reconvened the hearing on April 23, 1999, at which point Ms. Lee Ann Peters informed the court that she had reviewed the transcript of the Voir Dire portion of the trial and had found the entire death qualifying portion of said transcript by Ben Loring, the former District Attorney, to be missing from the transcript. Further it appeared that four (4) days of voir dire had been held, but the transcripts reflected only three (3) days. The Court's Reporter, Brenda McCarty, confirmed that Judge Fullerton's trial notes reflected four (4) days instead of three (3). Under questioning by Ms. Peters, Brenda McCarty testified as to the

problems she has had in trying to produce a correct trial transcript, i.e.: the side-bar conferences held during trial were inaudible. Under questioning by Ms. Peters, D.J. Thompson was unable to explain the differences and disclosed that she had other copies of the recordings that she did not turn over that might have the missing day. At this point, this court having heard the above and other apparent problems with the transcript record, terminated the hearing, having considered in the court's mind, a citation of contempt against Ms. Thompson, but deciding to leave this matter in the Court of Criminal Appeals' discretion.

> Based upon the hearing held before this court, it is this court's finding that the transcripts prepared by D.J. Thompson are incomplete and inaccurate. It is the further finding that the transcripts of the trial and especially the voir dire portion cannot be repaired, replaced, or completed such that they be certified as accurate and complete for transmittal to the Court of Criminal Appeals. It is also found by this court that most, but not all exhibits tendered to the trial court at the time of trial, can be reproduced and replaced, but the exact exhibits, more commonly described as 'pen packs', cannot be agreed upon nor stipulated to as to the information given to the jury.

¶ 12 Therefore, based upon the above findings of fact by Judge Haney[1], we find it necessary to **DISMISS** the above styled appeal and **REMAND** the matter to the District Court for **RESENTENCING** *for lack of an adequate record on appeal.*

¶ 13 Further, the Clerk of this Court is directed to transmit a copy of this Order and the April 2, 1999, Findings of Fact of the District Court of Ottawa County to the State Board of Examiners of Official Shorthand Reporters. Further, the Clerk of this Court is directed to transmit a copy of this Order and the April 2, 1999, Findings of Fact of the District Court of Ottawa County to the Presiding Administrative Judges of Ottawa and Nowata Counties and to the Honorable

---

1. On May 21, 1999, Appellant, by and through counsel Lee Ann Jones Peters, filed a Motion to Reverse For Lack of Adequate Record on Appeal and Brief in Support.

James L. Sontag, Associate District Judge, Nowata County, as well as to the Honorable Robert Haney, District Judge, Ottawa County, and to the parties of record.

**IT IS SO ORDERED.**

/s/ Reta M. Strubhar
RETA M. STRUBHAR, *Presiding Judge*

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice *Presiding Judge*

/s/ Charles A. Johnson
CHARLES A. JOHNSON, *Judge*

/s/ Charles S. Chapel
CHARLES S. CHAPEL, *Judge*

/s/ Steve Lile Dissent
STEVE LILE, *Judge*

